vs. Smart Modular Smart Modular Technologies vs. Smart Modular Technologies of the term accused products in the settlement term sheet and this is in the appendix paragraph 2. The district court in an order 922 2016 at appendix page 24 states, and this is at appendix page 28, there could be no question that the plain meaning of the term accused products in a patent case is the products that are accused of infringing the patent. It also makes sense when considering the meaning of an agreement that settles a case that the agreement would be setting the actual claims asserted in the complaint. What's wrong with that? Oh, it's beautiful. I love it. In fact, this court has pointed out that this is absolutely true. This is mentioned in the blue book at page 4 in the Sarah case and in Ray Billing and Bruce and Peck. In fact, what's interesting is... What did the district court do wrong? Oh, he said that the district court, and this is at appendix page 6, points out the Second Amendment, the second amended complaint has a single direct charge of infringement and infringement occurs when a memory device is put into the testing equipment because it is the testing equipment that supplies the additional two components required for claim one. The memory products themselves cannot infringe, yet the... And so the... Unfortunately, the district judge assumed that the accused products are the memory products, which can never be, because it's only when the infringement occurs when the memory product is put into a machine that supplies the other two components. This is in the blue book at page 7. That describes the claim 1, which is the Fifth Circuit has said that, this is blue book 3, that you have to look within, if an agreement is unambiguous, you have to look within the agreement, the four corners, okay? And this court, this district court said that the agreement was unambiguous. And... Was it wrong to look at the complaint? Well, that's exactly right, but the complaint does not say that the memory products infringe. It says the memory products, when connected to a testing equipment, infringe. Therefore, the memory products are not accused products. There are no accused products from smart. And the judge would not... The district judge would not allow me to point out that in a response to discovery, this statement was... We were asked what the accused products are, and we said there are no accused products, because we have not said that the memory products infringe. The judge said, no, the settlement term sheet is unambiguous, and I won't allow it in. So we don't have it here. I thought the district court was also afraid that if the court adopted your interpretation, that would render the terms of the settlement meaningless. Well... That's a canon of interpretation, right? Trying to give meaning to the terms of a Well, the law, as the district judge stated, and as you have stated, is clearly that the accused products are what the complaint says is being infringed. You can make it up. It's anything you want, but then you're not following the law. Then you're saying, oh, well, it's mentioned in the is an accused product. I'm sorry, but that does not follow the law, and it's not even logical. What are the accused products? There are none, Your Honor. You brought a complaint for infringement of no accused product. The infringement occurs... You have a memory product. That is not infringing. It's a direct infringement. When you put it in the test equipment to that combination of the two creates, for the few seconds that the testing is occurring, that's when the direct infringement occurs, and that's all that's described in the second amended complaint. So you think a fair reading of the complaint was that you were not accusing Smart Modular of infringement under 271A, B, or C for making, using, and selling the DDR memory products? No, Your Honor. It's infringement under 271A, because that moment when they're testing it, there is infringement. The memory product itself can't infringe. The claim has two other components. Besides the memory, it has a control device, electrically isolating, and... This goes to your view that the complaint was strictly a 271A direct infringement complaint, right? Yes. And then it's wrong to understand the complaint is potentially encompassing 271B and 271C theories. Is that right? Exactly. And this is pointed out by the court in the amended memorandum, which starts at appendix page 1, and at appendix page 6, the court says that the second amended complaint contains one count charge of direct patent infringement, and goes on to say that when it's tested, and this is described in the second amended paragraph 13. But the same second amended complaint, which I'm looking at now on page 5, at the end of that count 1, which is titled direct patent infringement, the prayer for relief is an injunction prohibiting not just testing, but selling any of the modules at DDR2, DDR3, DDR4. If those modules standing alone don't amount to direct infringement, how could you have sought an injunction prohibiting their sale unless you were implicitly arguing that they amounted to induced infringement or contributory infringement because they had no non-infringing uses? How could you have prayed for an injunction on the sale of those products if you're now standing in front of me and saying those products standing alone don't cause any harm to anybody? Excuse me, Your Honor, I did not say they cause no harm. I did not imply that in any way. I said the second amended complaint and the district court agreed has a single direct claim of infringement, and it only occurs at the time that's being tested. The district court and this but if that's true, how could you have asked for an injunction on the sale of the modules? Do you see the inconsistency in your own complaint? Your complaint alleges there are no other possible non-infringing uses for these modules. That rings a lot like a 271B or C argument, and then the prayer for relief you have goes beyond what you would be entitled to under a direct infringement claim unless you were claiming the modules themselves directly infringed. I did not claim that. It could not possibly occur. The claim, one of the broadest claims, would not allow that. Look, when you make the prayer, you want costs, you want damages, you ask for a lot of things. You don't get them, but you can ask for them. Mr. Fink, Mr. Goodman is your client? Yes, Your Honor. I have before me a copy of the settlement term sheet. His signature is on it. Yes, Your Honor. Paragraph 2 says, Goodman shall stipulate that all accused products do not infringe his U.S. patent 315. What did he think he was talking about? Well, if you had a set of numbers, odd numbers, that were equal to two odd numbers that were added together, you would have nothing in it. And that's exactly what was happening. It was a set that has nothing in it. What did Mr. Goodman think he was stipulating when he stipulated that all accused products do not infringe? What was he talking about? He was thinking that he wasn't causing any damage to himself because it's a meaningless statement drafted by three brilliant attorneys on the other side. You're saying he knew this was false? That is correct. Well, that raises a whole other set of questions, doesn't it? Okay. Mr. Fink, do you want to save the rest of your time for rebuttal? Yes, please. Contract enforcement is a two-step process. The court interprets any contract terms in dispute as a matter of law and then applies those terms. Here, the district court was analyzing the party's settlement term sheet, which is a contract. It interpreted the accused products as the products that were accused of infringement and infringement under the full scope of Section 271, including subparts A, B, and C. The contract analysis is roughly analogous to patent law, where the court interprets a claim term as a matter of law and then the fact finder applies the interpreted claim term. Here, the district court found that the terms are unambiguous, excluded plural evidence, and found that the unambiguous reasonable interpretation was the full extent of 271 and rejected the plaintiff appellant's interpretation as rendering the contract term meaningless, which is contrary to Texas contract law. The judge also noted that the appellant's admission in the district court that the term would be meaningless was extrinsic evidence which he would not consider. He didn't need to. He got there as a matter of law, his own conclusion. The appellate court reviews the conclusions of law de novo without deference. But the second step, applying the interpreted contract terms, is a question of fact. The district court took the complaint, three complaints, and although it analyzed in its orders just the complaints, it had before it 29 instances from the briefs, the pleadings, where the defendant argued the plaintiff identified the DDR2, 3, and 4 memory products as the accused products and determined as a question of fact that those were the accused products. That is a finding of fact which this court will only reverse for an abuse of discretion. Now the district court analyzed the admissions of the plaintiff in the court record. It rejected an actress analysis, the plaintiff's arguments, and reviewed the defendant's arguments. That is not an abuse of discretion. Interesting, the real issue here, although the plaintiff appellant argues it in the briefing, of an inapplicability, inappropriate use of the extrinsic evidence, it's incorrect. What the appellant is actually disputing is that the court made a finding of fact, appropriate finding of fact, that the appellant disagrees with. Because the appellant does not argue from the settlement term sheet, the appellant argues from the complaint, saying that the court's finding. That is a finding of fact which this court cannot reverse but for abuse of discretion. There was no abuse of discretion here as the district court's analysis was complete and reasonable. And with that, I'll concede my time. Okay, thank you Mr. Heafey. Mr. Fink, you have some rebuttal time. Your Honor, I'd like to point out that at the appendix, page 6, the district court said that in order to interpret, quote, accused products in paragraph 2 of the settlement term sheet, it wanted to incorporate the products discussed in the second amended complaint. That was his finding. I would also like to point out that my distinguished colleague in the red book at page 7 said that contract terms are given their plain, ordinary, and generally accepted meaning unless the instrument shows that parties use them in a technical or different sense. And this is citing the case of energy mid-screen services. The district court and this court agrees that accused products are what the patent says are infringing. It can't be the memory product. It is not possible. Then we would be here talking about patent abuse. I'd also like to mention that there are other documents that are not before this court like a license agreement so that the life and future of SMART doesn't depend upon this because the settlement term sheet required a license agreement and that's been executed. Okay. Any questions, please? No, no questions. Okay, thank you, Mr. Fink. I thank both counsel for their argument. The case is taken under submission.